JOHN R. CADLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cadle v. Commissioner
Docket No. 29234-90
United States Tax Court
T.C. Memo 1991-458; 1991 Tax Ct. Memo LEXIS 507; 62 T.C.M. (CCH) 768; T.C.M. (RIA) 91458; September 19, 1991, Filed *507 An appropriate order and decision will be entered. John R. Cadle, pro se. Lisa M. Oshiro, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure.) This case is before the Court on respondent's Motion For Judgment on the Pleadings Under Rule 120 and respondent's Motion for Damages (a penalty) under section 6673. Respondent determined a deficiency and additions to petitioner's Federal income tax as follows: Additions to Tax under
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654(a)
1988
$ 4,505
$ 289
$ 225
$ 102
Respondent made determinations, based upon Form W-2 and Form 1099 information provided by the Department of the Air Force and petitioner's banks, that petitioner failed to report his pension and dividends as income on a Federal income tax return for the year in issue. In making the determination, respondent allowed petitioner *508 the standard deduction, personal exemption, and a capital loss of $ 13. Petitioner admits he did not file a tax return. Petitioner disputes respondent's determinations and, among other things, claims that because he did not file a tax return, no notice of deficiency could be issued. He also claims that he was not required to file a tax return. His arguments are groundless. If the Commissioner determines a deficiency in income tax, he is authorized to send a notice of deficiency by certified or registered mail to the taxpayer. Secs. 6211 and 6212; secs. 301.6211-1 and 301.6212-1, Proced. & Admin. Regs. A taxpayer has 90 days from the mailing of a notice of deficiency within which to file a petition with the Tax Court challenging the determined tax liability. Sec. 6213; sec. 301.6213-1, Proced. & Admin. Regs. This is the route petitioner chose to follow. We find that the notice of deficiency in this case complies with the applicable statutes, and we reject petitioner's contentions. Moreover, there is no procedure which permits a party to unilaterally withdraw a petition once filed. , affd. per curiam . *509 Furthermore, petitioner's contention that he is not a taxpayer and therefore not liable for income taxes is equally without merit. The short answer to petitioner's assertions that he is not a taxpayer is that petitioner is not exempt from Federal income tax. . In his petition and at a hearing on respondent's motions, petitioner made tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., ; ; , affd. . We see no need to repeat these discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner *510 bases the assignments of error." We agree with respondent that petitioner's petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We find that petitioner has instituted and maintained this action *511 primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 3,500. An appropriate order and decision will be entered.